IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                          Case No. 3:10cv93/RS/EMT

0.24 OF AN ACRE OF LAND, MORE
OR LESS, SITUATED IN ESCAMBIA
COUNTY, FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff United States of America commenced this action by filing a complaint in condemnation to condemn certain property located in Escambia County, Florida, under the power of eminent domain. *See* 40 U.S.C. § 3114; 42 U.S.C. § 9604(j). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).

Now pending is Defendant Escambia County Tax Collector's ("Tax Collector") Motion for Dismissal of the Escambia County Tax Collector, filed December 6, 2010 (Doc. 45). The Tax Collector states in her motion that her counsel conferred with counsel for Plaintiff, and Plaintiff's counsel has no objection to the motion (Doc. 45 at 2). No other party filed a response in opposition to the motion by fourteen-day deadline established by Local Rule 7.1(C). However, to ensure that all parties had an opportunity to be heard,[1] the court issued an order on January 4, 2011, directing

---

[1] The certificate of service included in the Escambia County Tax Collector's motion did not indicate that a copy of it was served upon Veronica Hailey, a party proceeding pro se (*see* Doc. 45 at 3).

any party who wished to oppose the motion to do so within fourteen days (Doc. 49).  To date, no party has responded in opposition to the motion.

The Tax Collector requests to be dismissed from this action pursuant to Rule 71.1(i) of the Federal Rules of Civil Procedure (Doc. 45 at 1).  Rule 71.1(i) provides, in relevant part:

> **(i) Dismissal of the Action or a Defendant.**
> . . . .
> **(2) Dismissing a Defendant.**  The court may at any time dismiss a defendant who was unnecessarily or improperly joined.

Fed. R. Civ. P. 71.1(i)(2).  The Tax Collector does not allege that she was unnecessarily or improperly joined in this action; indeed, she acknowledges that at the time Plaintiff commenced this action, she had an interest in the real property at issue, namely, a lien on property for taxes and interest for the 2009 and 2010 calendar years (Doc. 45 at 1).  She states, however, that as of the date of filing her motion to dismiss, all taxes have been remitted to her such that she no longer has an interest in this case and, therefore, requests that she be dismissed as a Defendant (*id.* at 2).

Based upon the Tax Collector's assertion that she no longer has an interest in the real property or this case, and in light of the fact that no other party, including Plaintiff, has objected to the Tax Collector's motion, the undersigned concludes that the motion should be granted.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant Escambia County Tax Collector 's Motion for Dismissal of the Escambia County Tax Collector (Doc. 45) be **GRANTED**, and the Escambia County Tax Collector be **DISMISSED** from this action.

At Pensacola, Florida, this 27th day of January 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**